IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARIANNY CELESTE LOPEZ, CAMILA )
DAVALOS, CIELO JEAN GIBSON, DENISE )
MILANI a/k/a DENISE TRLICA, HILLARY )
HEPNER, JAIME EDMONDSON-LONGORIA, )
KRYSTAL HIPWELL, and LINA POSADA, )
              )
   Plaintiffs,        )
              )
   vs.            )   Case No. 19 C 673
              )
ADMIRAL THEATRE, INC. d/b/a ADMIRAL )
THEATRE,          )
              )
   Defendant.       )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

  Defendant Admiral Theatre, Inc. has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims of plaintiffs Arianny Celeste Lopez, Camila Davalos, Cielo Jean Gibson, Denise Milani (also known as Denise Trlica), Hillary Hepner, Jaime Edmondson-Longoria ("Longoria"), Krystal Hipwell, and Lina Posada for failure to state a claim. In considering the motion, the Court takes the plaintiffs' factual allegations as true and assesses whether they have asserted a plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Background

  The plaintiffs are eight professional models. Each earns a living by selling her images to be used in advertisements, endorsements, and promotions of products and services. To establish and maintain their careers in the modeling industry, and to

protect their reputations, the plaintiffs are selective regarding the companies and brands for which they model.

Admiral Theatre operates a strip club in Chicago where it sells alcohol and entertains patrons with nude and/or semi-nude women. Admiral Theatre advertises and promotes its business, events, and services using Facebook, Instagram, and other social media platforms.

The plaintiffs allege that Admiral Theatre published their images in posts to its social media accounts without their consent or knowledge and without compensating them. These posts, plaintiffs allege, falsely suggest to the public that the plaintiffs promote, endorse, or have an affiliation with Admiral Theatre. The plaintiffs have not agreed, and claim that they would never agree, to Admiral Theatre's use of their images.

Specifically, plaintiffs allege that Admiral Theatre posted photographs of Davalos, Gibson, Milani, Hipwell, and Posada to its Facebook page on or about February 9, 2018, February 11, 2016, July 8, 2016, July 20, 2016, and April 12, 2016, respectively. It posted a photograph of Lopez to its Facebook and Instagram pages on or about May 30, 2016. It posted photographs of Hepner to its Facebook page on or about February 6, 2016 and February 4, 2018. Those photographs included text regarding a Super Bowl viewing party with "totally nude girls" and a "private suite with a beautiful showgirl," and the date printed across the top of the image in the latter photograph was changed from "Feb. 7" to "Feb. 4." Finally, Admiral Theatre posted four photographs of Longoria, on or about August 11, 2016, September 11, 2016, February 1, 2016, and January 15, 2017.

Admiral Theatre never removed any of the plaintiffs' photographs from its social media pages. Some, but not all, of the posts contained captions describing events at or promotions offered by Admiral Theatre.

The plaintiffs assert claims against Admiral Theatre under the Lanham Act, 15 U.S.C. § 1125(a), for false advertising and false endorsement; under the Illinois Right of Publicity Act, 765 ILCS 1075/10, for violations of the right to publicity; for invasions of privacy by placing them in a false light; and for negligence and *respondeat superior*.

At a status hearing on May 21, 2019, the Court issued an oral ruling denying Admiral Theatre's motion to dismiss as to the Lanham Act claims. This order addresses the motion to dismiss with respect to the other claims.

## Discussion

**A.   Illinois Right of Publicity Act**

Plaintiffs allege that Admiral Theatre violated the Illinois Right of Publicity Act (IRPA), which prohibits the use of an individual's identity for commercial purposes without her written consent. 765 ILCS 1075/30. Admiral Theatre moves to dismiss the IRPA claims of every plaintiff except Davalos based on the statute of limitations and moves to dismiss Davalos' claim as insufficiently pled.

**1.   Statute of limitations**

The Court addresses the limitations issue first. The statute of limitations is an affirmative defense, and a plaintiff is not required to anticipate or plead around affirmative defenses in her complaint. *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004); *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). A complaint may be dismissed for failure to state a claim, however, if the

allegations in the complaint "plainly reveal that the action is untimely." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (internal quotation marks omitted); *Limestone*, 520 F.3d at 802.

The parties dispute whether a one-year or a five-year limitations period applies to IRPA claims. State law provides the statutes of limitations that apply to state law claims in federal court. *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (citing *Guaranty Trust v. York*, 326 U.S. 99, 110 (1945)). The IRPA does not include a statute of limitations, and the Supreme Court of Illinois has not provided guidance on the issue. *Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485 (7th Cir. 2016). The Seventh Circuit has declined to predict whether the Supreme Court of Illinois would endorse the application of a one-year statute of limitations. *Id.*; *Berry v. Ford Models, Inc.*, 525 F. App'x 451, 454 (7th Cir. 2013) ("[W]e see no point in deciding a question of Illinois law in a case where the statute of limitations—whether one year or five—could not possibly make a difference."). Admiral Theatre asserts, citing *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 323, 859 N.E.2d 1188, 1192 (2006), that a one-year period should apply because that was the period of limitations applied to the parallel tort at common law. The plaintiffs argue that the five-year statute of limitations for "an injury done to property" and "all civil actions not otherwise provided for" should apply. 735 ICLS 5/13-205.

The Court finds the state appellate court's reasoning in *Blair* to be persuasive and concludes that a one-year statute of limitations applies to claims brought under the IRPA. *Blair*, 369 Ill. App. 3d at 323, 859 N.E.2d at 1192; *see Abstract & Title Guar. Co. v. Chicago Ins. Co.*, 489 F.3d 808, 811 (7th Cir. 2007) (decisions of intermediate

4

appellate courts may provide persuasive guidance on state law issues where the highest court in the state has not spoken). Referring to the text of the IRPA, the court in *Blair* found that the IRPA "completely supplanted the common-law tort of appropriation of likeness." *Blair*, 369 Ill. App. 3d at 323, 859 N.E.2d at 1192. Because a one-year limitations period applied to the common-law tort, the court held that the same limitations period governed the statutory tort that replaced it. *Id.* The weight of authority from this District supports the application of a one-year statute of limitations to the IRPA. *See, e.g., Hinton v. Vonch, LLC*, No. 18 C 7221, 2019 WL 3554273, at *2 (N.D. Ill. Aug. 2, 2019); *Toth-Gray v. Lamp Liter, Inc.*, No. 19 C 1327, 2019 WL 3555179, at *4 (N.D. Ill. July 31, 2019);; *Wells v. Talk Radio Network-FM, Inc.*, No. 07 C 4314, 2008 WL 4888992, at *2 (N.D. Ill. Aug. 7, 2008).

A cause of action generally accrues, and the statute of limitations begins to run, on the date when the plaintiff's rights are first violated, *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 278, 798 N.E.2d 75, 85 (2003)—with respect to the IRPA, "when the allegedly infringing publication was first published." *Toth-Gray*, No. 19 C 1327, 2019 WL 3555179, at *4. The plaintiffs argue, however, that their claims are timely because Admiral Theatre continues to violate their rights to publicity by having never removed their images from social media platforms. Under the continuing violation rule, "where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or date the tortious acts cease." *Feltmeier*, 207 Ill. 2d at 278, 798 N.E.2d at 85. "A continuing violation is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Id.*; *see also Blair*, 369 Ill. App. 3d at 324, 859 N.E.2d at 1193 ("To hold otherwise would cause an attendant

5

problem of an endless tolling of the statute of limitations and could produce a vast multiplicity of suits.").

The publication of an image to a social media platform, without subsequent edits, removal, or republication of the image, does not constitute a continuing violation. *Toth-Gray*, No. 19 C 1327, 2019 WL 3555179, at *5; *Hinton*, No. 18 C 7221, 2019 WL 3554273, at *3. According to the complaint, Admiral Theatre's social media accounts featured discrete posts with images of certain plaintiffs—Lopez, Gibson, Milani, Hipwell, and Posada—posted more than one year before the plaintiffs filed the complaint on February 1, 2019.[1] Admiral Theatre's one-time decision to post the images, and its subsequent failure to remove the posts, is insufficient to constitute a pattern of continuing unlawful acts and conduct, as required for a continuing violation, but rather represents a "single overt act from which subsequent damages may flow." *Blair*, 369 Ill. App. 3d at 324, 859 N.E.2d at 1193. Therefore, the plaintiffs' claims accrued at the time that Admiral Theatre first published the posts. *See id.* Because this was more than one year before Lopez, Gibson, Milani, Hipwell, and Posada filed suit, their claims under the IRPA are dismissed.

The republication of a plaintiff's likeness can give rise to a continuing violation or a separate violation with a later-arising cause of action, however, "if the publication is altered so as to reach a new audience or promote a different product." *Blair*, 369 Ill. App. 3d at 325, 859 N.E.2d at 1194 (citations omitted); *see also Belleville Toyota, Inc. v.*

---

[1] The plaintiffs allege that the images of Lopez and Milani were posted to both Admiral Theatre's Facebook and Instagram pages, whereas the images of Gibson, Hipwell, and Posada were posted only to Admiral Theatre's Facebook page.

6

*Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 348–49, 770 N.E.2d 177, 192 (2002) (multiple violations of a state law may support separate causes of action triggering new statutes of limitations even where the conduct does not constitute a continuing violation). *Compare Troya Int'l Ltd. Sti. v. Bird-X, Inc.*, No. 15 C 9785, 2017 WL 6059804, at *14 (N.D. Ill. Dec. 7, 2017) (defendants' republication of a video on different media over several years without significant alterations in order to promote a pest control product for a singular purpose constituted a single, overt act) *with Yeager v. Innovus Pharm., Inc.*, No. 18 C 397, 2019 WL 447743, at *6 (N.D. Ill. Feb. 5, 2019) (plaintiffs sufficiently alleged a continuing violation where defendants "used several different channels" and "different geographic locations to continuously advertise to new audiences"). The statute of limitations for a continuing violation starts on the date of the last publication or the date the publications cease, and for a new cause of action it starts on the date when the plaintiff's image last was republished. *See Blair*, 369 Ill. App. 3d at 324, 859 N.E.2d at 1193; *Belleville*, 199 Ill. 2d at 348–49, 770 N.E.2d at 192.

The plaintiffs allege that Admiral Theatre republished certain photographs of Longoria and Hepner. Specifically, they allege that at least four photographs of Longoria were published on Admiral Theatre's social media platforms on five occasions between August 11, 2016 and January 15, 2017. Because the last of these dates is still more than one year before the plaintiffs filed their complaint, the Court need not determine whether the later posts gave rise to a viable claim of a continuing violation or a separate cause of action. *See id.*; *Feltmeier*, 207 Ill. 2d at 284, 798 N.E.2d at 89 (2003) ("[W]ith any continuing tort, the statute of limitations is only held in abeyance until the date of the last injury suffered or when the tortious acts cease."). Longoria's IRPA

claim is time-barred.

The republication of Hepner's photograph, by contrast, constituted a continuing violation or a new violation falling within the one-year statute of limitations. [2] Plaintiffs allege that on or about February 6, 2016, Admiral Theatre posted an image showing Hepner with text regarding a Super Bowl viewing party, mentioning "totally nude girls" and the availability of a "private suite with a beautiful showgirl," and providing information about the date and time of the party to its Instagram and Facebook page. An exhibit to the complaint shows that the date printed on the image reads "Feb. 7." Compl., Pls.' Ex. E, dkt. no. 1-5, at 3. The plaintiffs further allege that the same image was posted to Admiral Theatre's Facebook page on or about February 4, 2018. The exhibit shows that the date on the more recent image was changed to "Feb. 4," indicating that the post referred to a different Super Bowl party in a different year. *Id.* at 3. It is plausible that Admiral Theatre republished Hepner's photograph to promote a different product—a different Super Bowl party—to a new or broader audience. *Cf. Blair*, 369 Ill. App. 3d at 326, 859 N.E.2d at 1194 (holding that repeated advertisements that were not significantly changed to reach a new audience and that promoted a single product, a steakhouse, did not retrigger the statute of limitations.) The plaintiffs have sufficiently alleged that Admiral Theatre's use of Hepner's image constituted either a continuing violation or a new cause of action with a statute of limitations starting on February 4, 2018, within one year of when they filed suit. For this reason, the Court

---

[2] For present purposes, whether Admiral Theatre's republication of Hepner's image constituted a continuing violation or a new cause of action leads to the same outcome: her IRPA claim was asserted within the statute of limitations. For that reason, and because the parties did not brief the issue, the Court need not address it.

declines to dismiss Hepner's IRPA right of publicity claim.

## 2. Commercial purpose

Although Admiral Theatre concedes that the claim Davalos brought under the IRPA is not time-barred, it contends that plaintiffs did not adequately allege that Davalos' photograph was being used for a commercial purpose, as required for a claim under the IRPA. (The Court will assume that this argument applies to Hepner's claim as well.) Specifically, Admiral Theatre argues that the plaintiffs did not allege that the photograph was "being used to sell the Admiral Theatre or its services," because they did not allege that it altered Davalos' photograph or provided any commentary pertaining to its services in the corresponding Facebook post. Defs.' mot. to dismiss, dkt. no. 25, at 19-20.

The IRPA prohibits the use of an individual's identity for commercial purposes without her written consent. 765 ILCS 1075/30. It defines a commercial purpose as including "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; [or] (ii) for purposes of advertising or promoting products, merchandise, goods, or services . . ." 765 ILCS 1075/5. The statute defines identity to mean "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to" a photograph or likeness. *Id.*

An image of an individual can serve a commercial purpose under the IRPA regardless of whether it contains or is accompanied by alterations or commentary. Rather, "[t]he basis of a right of publicity claim concerns the message—whether the plaintiff endorses, or appears to endorse the product in question." *Toney v. L'Oreal*

*USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005). "One can imagine many scenarios where the use of a photograph without consent, in apparent endorsement of any number of products, could cause great harm to the person photographed." *Id.* The Court finds that the plaintiffs have sufficiently alleged that the photographs that Admiral Theatre posted of Davalos and Hepner used their identity for commercial purposes by projecting the message that they endorsed, or appeared to endorse, the strip club.

The cases Admiral Theatre cites are inapposite. *Thompson v. Getty Images (US), Inc.*, No. 13 C 1063, 2013 WL 3321612, at *2 (N.D. Ill. July 1, 2013) (Kennelly, J.), involved the use of an individual's image to sell the photograph in which the individual was pictured, whereas in this case the posts are not being used to sell the images of Davalos or Hepner. *Nieman v. Versuslaw, Inc.*, No. 12-3104, 2012 WL 3201931, at *4 (C.D. Ill. Aug. 3, 2012), *aff'd*, 512 F. App'x 635 (7th Cir. 2013), involved the use of a plaintiff's name as a means of providing Internet links to public records related to litigation between the plaintiff and his former employer–again, a factual scenario distinct from the one at issue in this case.

For these reasons, the Court declines to dismiss the IRPA right of publicity claims brought by Davalos and Hepner.

**B.    False light**

Admiral Theatre also moves to dismiss the plaintiffs' claims for invasion of privacy in the form of publicly placing them in a false light. Although the plaintiffs addressed the statute of limitations with respect to both the right to publicity and false light claims, Admiral Theatre has not asserted that defense with respect to the plaintiffs'

10

false light claims.[3] Therefore, the Court will not address whether the plaintiffs' false light claims should be dismissed due to the statute of limitations.

To state a false light claim under Illinois law, plaintiffs must allege: (1) that they "were placed in a false light before the public as a result of" the defendant's actions; (2) a trier of fact could decide that this false light "would be highly offensive to a reasonable person"; and (3) the defendant acted "with actual malice, that is, with knowledge that the statements were false or with reckless disregard to whether the statements were true or false." *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 17-18, 607 N.E.2d 201, 209-10 (1992) (citations omitted). "The purpose underlying the false light cause of action is to define and protect an area within which every citizen must be left alone." *Id.* (citations omitted).

Admiral Theatre makes several arguments suggesting that the plaintiffs fail to sufficiently allege the first element of their false light claims. First, it argues that plaintiffs have not alleged that Admiral Theatre identified them by name. To sustain her false claim, a plaintiff must establish that the actions of the defendants made her identifiable, not that the defendants named her. *See* Restatement (Second) of Torts § 652E (1977) (providing illustrations of privacy invasions where the defendants' use of photographs of individuals placed them in false lights); *cf. Villalovos v. Sundance*

---

[3] In the complaint, the plaintiffs cite the IRPA as the basis for their false light claims, but in Illinois false light remains a common law tort. *Lovgren v. Citizens First Nat. Bank of Princeton*, 126 Ill. 2d 411, 419, 534 N.E.2d 987, 990 (1989); *Blair*, 369 Ill. App. 3d at 323, 859 N.E.2d at 1192 ("The Right of Publicity Act, effective January 1, 1999, completely replaced the common-law tort of appropriation of likeness, although it did not affect the other three common-law privacy torts [including false light]"); *see also Hinton*, No. 18 C 7221, 2019 WL 3554273, at *2 n. 3 (citations omitted) (declining to dismiss a false light claim where the plaintiffs improperly construed the claim as brought under the IRPA).

11

*Assocs., Inc.*, No. 01 C 8468, 2003 WL 115243, at *2 (N.D. Ill. Jan. 13, 2003) (denying a motion to dismiss a false light claim where a personal advertisement in a pornographic magazine included the plaintiff's first name and home address, but a photograph of a different woman, because it was possible for some people to identify the plaintiff). In this case, the plaintiffs sufficiently allege a false light claim because they plausibly allege that people could identify them from the photographs published by Admiral Theatre given the public nature of their careers as professional models.

Nor is it necessary for the plaintiffs to allege that Admiral Theatre described them as affiliating with or endorsing the strip club. As with the right to publicity claim, an advertisement or photograph can imply that a person affiliates with or endorses a product or service without expressly stating so. *See Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1135 (7th Cir. 1985) (explaining various inferences that could be made about a person based on the context of the publication in which her nude photograph appeared).

Admiral Theatre further asserts that plaintiffs' false light claims are deficient because there is no contention that it altered their photographs. According to Admiral Theatre, this means that the publications of the photographs were substantially true and did not place the plaintiffs in a false light. The law is to the contrary. The context in which a photograph is published can place a person in a false light even if it is unaltered. *See id.* In *Douglass*, an actress and model alleged that *Hustler* magazine placed her in a false light by publishing nude photographs that she had intended to have published in *Playboy* magazine. *Id.* at 1131. The Seventh Circuit found that the plaintiff could pursue a false light cause of action against *Hustler* because *its* publication of the

photographs insinuated that she was the kind of person willing to be shown naked *in that magazine*. *Id.* at 1135.[4] In this case the plaintiffs allege that the publication of their images placed them in a false light by insinuating that they are strippers or are affiliated with or endorsed Admiral Theatre. It is plausible that, as in *Douglass*, this setting could place them in a false light, even if the photographs were taken for another publication by consent and were not altered. The plaintiffs have sufficiently alleged the first element of the false light tort.

Finally, Admiral Theatre argues that its alleged actions do not constitute the sort of invasion of privacy against which the false light tort seeks to protect. Admiral Theatre argues that the false light tort is intended to protect one's private life, and that the plaintiffs did not plead facts showing that they intended for the photographs to remain private. "[T]he heart of [the false light] tort lies in the publicity," *Lovgren v. Citizens First Nat. Bank of Princeton*, 126 Ill. 2d 411, 418–19, 534 N.E.2d 987, 989 (1989), but as indicated the setting in which that publicity occurs can be important. *See Douglass*, 769 F.2d at 1135. This argument amounts to the same one the Court just addressed and rejected: plaintiffs have plausibly alleged that publication of their images by a strip club, as opposed to some other business or publication, is degrading to such an extent that it placed them in a false light.

For these reasons, the Court declines to dismiss plaintiffs' false light invasion of privacy claims.

---

[4] In reaching that conclusion, the Seventh Circuit stated, "If a photograph has been published previously the implied representation that its present publication is with the consent of the subject is weakened; the first publication may have put the photograph in the public domain." *Id.* at 1136. At the motion to dismiss stage, however, it is not necessary for the Court to address this issue.

13

## C. Negligence and *Respondeat Superior*

Admiral Theatre moves to dismiss the plaintiffs' claims regarding negligence and *respondeat superior* only on the basis of lack of supplemental jurisdiction. A district court has supplemental jurisdiction over state claims that are "so related" to the claims giving rise to the district court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If a "district court has dismissed all claims over which it has original jurisdiction," the district court may decline to exercise supplemental jurisdiction over a claim. *Id.* § 1367(c)(3).

In an oral order in this case, the Court denied Admiral Theatre's motion to dismiss all federal claims over which it had original jurisdiction. Thus the Court's discretion to relinquish jurisdiction under section 1367(c)(3) was never triggered. Admiral Theatre has not sought dismissal of the negligence or *respondeat superior* claims on other grounds, so the Court declines to dismiss these claims.

## Conclusion

For the reasons stated above, the Court dismisses count 3 of plaintiffs' complaint with respect to every plaintiff except Hepner and Davalos but otherwise denies Admiral Theatre's motion to dismiss [dkt. no. 25].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 26, 2019